UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER BAINES KING, | ) | Civ. 12-4120-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAYOR JESS KESSE; | ) | ORDER GRANTING LEAVE TO |
| PAUL SCHUETH, Chief of Police, | ) | PROCEED IN FORMA PAUPERIS |
| Winner SD; | ) | AND DISMISSING |
| CHIP SCHORDER, | ) | COMPLAINT IN PART |
| Sheriff of Tripp County; | ) | |
| LORI KALENDA, Jail Administrator; | ) | |
| SGT. RICHARD BERTRAM; | ) | |
| WINNER CITY OFFICIALS; | ) | |
| COUNTY OFFICIALS; | ) | |
| M.D. TONY BURG; and | ) | |
| TRENT SINCLAIR, Assitant Chief, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Roger Baines King, is an inmate at the Winner City Jail in Winner, South Dakota. King has filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1, 2.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "'[w]hen an inmate seeks pauper status, the only issue is whether the inmate

pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

King has reported average monthly deposits to his prisoner trust account of $320 and an average monthly balance of $90. Docket 4. Based on this information, the court grants King leave to proceed in forma pauperis provided he pays an initial partial filing fee of $64, which is approximately 20 percent of $320.

But the inquiry does not end there. The PLRA requires the court to screen King's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In reviewing a complaint under this standard, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a)(2). Moreover, although a pro se complaint need not contain detailed factual allegations, it must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Finally, a pro se complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, King claims that defendants denied him access to medical care, thus subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. Docket 1. King also alleges that defendants violated his constitutional rights under the Fifth, Sixth, Seventh, and

4

Fourteenth Amendments. *Id.* To remedy these constitutional violations, King is requesting $10 million. *Id.*

For purposes of determining whether King has sufficiently pleaded a claim to survive initial review under § 1983, the court will assume that each of the named defendants who is being sued in his or her individual and official capacities was acting under color of state law when the alleged wrongful conduct occurred. To determine whether the alleged wrongful conduct amounted to a violation of King's constitutional rights, the court will address the facts as presented in King's complaint.

## I.     King Has Alleged Facts Sufficient to Support a Claim Under the Eighth Amendment.

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05. "[T]his does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

5

needs." *Id.* at 106. Allegations of negligence will not suffice. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784. To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In the instant case, King represents that all defendants were aware of the imminent danger posed by King's excessive chronic pain and infection, yet disregarded King's condition by failing to provide him with an antiobiotic or any pain medications after he had his tonsils removed. King further alleges that, by

6

ignoring his medical requests and grievances, defendants acted with a reckless disregard for his health. As a result of defendants' deliberate indifference, King has suffered mental anguish and excessive physical pain.

Based on the above-referenced facts, the court finds that King has sufficiently pleaded an Eighth Amendment violation to survive initial review. First, King alleges that he has suffered from an objectively serious medical need–his chronic pain and infection are health conditions that a layperson might recognize as requiring medical attention. Second, King specifically alleges that defendants were aware of his health conditions, yet ignored his requests for medical attention. Thus, for purposes of initial review, the court finds that King has sufficiently alleged that defendants acted with deliberate indifference to his serious medical needs.

## II.    King Has Not Alleged Facts Sufficient to Support a Claim Under the Fifth, Sixth, Seventh, or Fourteenth Amendment.

King loosely alleges that defendants violated his constitutional rights under the Fifth, Sixth, Seventh, and Fourteenth Amendments. King did not, however, provide any facts to support such allegations. Because a complaint must contain "facts sufficient to support the claims advanced," *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), rather than mere "labels and conclusions," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the court concludes that King's Fifth, Sixth, Seventh, and Fourteenth Amendment claims have not been sufficiently pleaded to survive initial review. It is therefore

ORDERED that King's motion for leave to proceed in forma pauperis (Docket 2) is granted. King will make an initial partial payment of $64 by **October 22, 2012**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that the institution having custody of King is directed that whenever the amount in King's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that King's complaint is dismissed in part pursuant to 28 U.S.C. § 1915. The only claim sufficiently pleaded to survive initial review under § 1915 is King's claim that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment.

IT IS FURTHER ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service. Defendants need only respond to King's remaining claim.

IT IS FURTHER ORDERED that King will serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every

further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

IT IS FURTHER ORDERED that King's motion for summary judgment (Docket 6) is denied as premature. A motion for summary judgment cannot be filed until defendants are, at a minimum, served with the summons and complaint.

Dated September 24, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE